UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHERI MOIDELL,**

                                **Case No.**

       **Plaintiff,**

vs.

**LAWRENCE SOLOMON and
ROCKY MOUNTAIN EMPLOYEE
BENEFITS, INC. d/b/a ALLIANCE
BENEFIT GROUP-ROCKY
MOUNTAIN, and ABG
CONSULTANTS, LLC,**

       **Defendants.**

## COMPLAINT TO RECOVER DAMAGES
## FOR PERSONAL INJURIES WITH JURY DEMAND

COMES NOW Plaintiff, by and through her attorneys, The Law Firm of David P. Garcia, P.C. (David P. Garcia, Esq.), and ROBERT D. GORMAN, P.A. (Robert D. Gorman, Esq.), and for her Complaint to Recover Damages for Personal Injuries against Defendants states:

1. Plaintiff, Cheri Moidell ("Plaintiff") is, and at all times material hereto, has been a resident of Santa Fe County, State of New Mexico.

2. Defendant Lawrence Solomon ("Solomon") is a resident of the State of Utah, and committed the tortious acts complained of in the County of Santa Fe, State of New Mexico.

3. Defendant Rocky Mountain Employee Benefit Group, Inc. is a Utah corporation doing business in the State of New Mexico under the trade name Alliance Benefit Group-Rocky Mountain.

4. ABG Consultants, LLC is a Utah limited liability company doing business in the State of New Mexico.

5. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391, because the Plaintiff is a resident of Santa Fe County, New Mexico, and the actions complained of occurred in Santa Fe County, New Mexico.

## COUNT I
## CLAIM AGAINST DEFENDANT LAWRENCE SOLOMON

7. Plaintiffs incorporates the allegations contained in paragraphs 1 through 6 by reference as though fully set forth herein.

8. On February 25, 2014, Plaintiff was lawfully driving in Santa Fe, New Mexico, southbound on Guadalupe Street. As Plaintiff entered the intersection with Cerrillos Road, a purple Kia driven by Defendant Solomon was traveling at a high rate of speed and failed to stop at the red light. Solomon's vehicle violently collided with Plaintiff's vehicle.

9. Solomon admitted that he ran the red light while looking down at his GPS (global positioning system) device. The collision resulted in Solomon T-boning Plaintiff's vehicle, causing it to spin across the intersection and hit another vehicle several feet into the intersection.

10. Solomon, failed to keep a proper lookout for vehicles in front of him and failed to keep proper control over his vehicle so as to avoid colliding with Plaintiff's vehicle.

11. Defendant Solomon's operation of his vehicle was negligent, careless and reckless and proximately caused Plaintiff to suffer damages and injuries.

12. As a direct result of the injuries caused by Defendant Solomon, Plaintiff:

    a. was required to undergo surgery and suffered pain to her right knee, and other pain and injuries to her body;

    b. will continue to have ongoing pain and suffering, and will require additional

surgery and treatment in the future;

    c.    has incurred medical expenses and will incur future medical expenses;

    d.    has suffered lost earnings;

    e.    has lost enjoyment of daily living.

13.    Plaintiff is also entitled to recover damages due to the nature, extent and duration of her injuries.

14.    Plaintiff is entitled to all special damages as pled above.

## COUNT II
## NEGLIGENCE PER SE

15.    Plaintiffs incorporates the allegations contained in paragraphs 1 through 14 by reference as though fully set forth herein.

16.    At the time of the collision there were applicable statutes in force which Defendant Solomon violated when he failed to stop at the red light, failed to yield the right of way to Plaintiff, and collided into her vehicle. The statutes include but are not limited to:

    a.    NMSA 1978, §66-7-104, obedience to any required traffic-control device;

    b.    NMSA 1978, §66-7-105.C. Traffic-control signal legend-red alone, and

    c.    NMSA 1978, §66-7-330, Vehicles entering stop or yield intersection/

17.    At the time of the collision, there was in effect City of Santa Fe Uniform Traffic Ordinance, §12-6-12.18. Among other things, the ordinance prohibits an individual from driving a vehicle while engaged in any activity which interferes with the safe operation of the vehicle, including the use of electronic communication devices. In addition, there was in effect City of Santa Fe Uniform Traffic Ordinance, §12-6-12.4, which prohibits careless and inattentive driving.

18.	These laws were enacted to protect Plaintiff and the public.  Defendant Solomon had no legal justification or excuse for negligently and recklessly violating these statutes and ordinances.

19.	At the time of this collision, Solomon was operating a GPS while driving when he entered the intersection on a red light.

20.	The acts of Solomon are in violation of the above mentioned statutes and ordinances and constitutes negligence per se.

## COUNT III
## CLAIM AGAINST ROCKY MOUNTAIN EMPLOYEE BENEFIT GROUP, INC.  d/b/a ALLIANCE BENEFIT GROUP-ROCKY MOUNTAIN, AND ABG CONSULTANTS, LLC.

21.	Plaintiff incorporates the allegations contained in paragraphs 1 through 20 by reference as though fully set forth herein.

22.	At all times relevant Solomon was employed by or acting on behalf of Rocky Mountain Employee Benefit Group, Inc., d/b/a Alliance Benefit Group-Rocky Mountain, and AGB Consultants, LLC.

23.	At all times relevant Solomon was within the course and scope of his employment or agency for and on behalf of Rocky Mountain Employee Benefit Group, Inc., d/b/a Alliance Benefit Group-Rocky Mountain, and AGB Consultants, LLC.

24.	Rocky Mountain Employee Benefit Group, Inc., d/b/a Alliance Benefit Group-Rocky Mountain, and AGB Consultants, LLC, are vicariously liable for the acts of Defendant Solomon.

WHEREFORE, Plaintiff  prays for judgment against all Defendants for all compensatory damages, for general damages and for all other damages allowed under New Mexico law, including special damages as pled above, for costs in bringing this action, for prejudgment interest, post

judgment interest and for such other and further relief as this Court may deem just and proper.

## COUNT IV
## PUNITIVE DAMAGES

25. Plaintiff incorporates the allegations contained in paragraphs 1 through 24 by reference as though fully set forth herein.

26. Solomon owed a duty to Plaintiff, and the public at large, to operate his motor vehicle in a safe and lawful manner and to use ordinary care in the operation of his vehicle, and to exercise proper control over his vehicle as required by law.

27. By running the red light while looking down at his GPS on February 25, 2014, Solomon's conduct was wanton, willful and reckless.

28. As a direct and proximate result of the aforesaid wanton, willful and/or reckless acts by Solomon, Plaintiff is entitled to recover punitive or exemplary damages against Solomon.

WHEREFORE, Plaintiff prays for judgment against Solomon for punitive damages in an amount to be established by the evidence at trial concerning the wanton and reckless conduct.

Respectfully submitted,

## JURY DEMAND

Plaintiff demands a trial by a twelve (12) person jury of all claims raised which are properly triable before a jury.

| | |
|---|---|
| THE LAW FIRM OF DAVID P. GARCIA, P.C. | ROBERT D. GORMAN, P.A. |
| By: /S/ *David P. Garcia* | By: /S/ *Robert D. Gorman* |
| DAVID P. GARCIA, | ROBERT D. GORMAN, |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 303 Paseo de Peralta | P. O. Box 25164 |
| Santa Fe, NM 87501 | Albuquerque, NM 87125-0164 |
| (505)982-1873 | (505)243-5442 |
| Fax (505) 982-8020 | Fax (505) 247-1539 |
| Email: david@garcialawfirmsf.com | Email: rgorman@rdgormanlaw.com |